IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JUSTIN JAMES ALLEE,

    Petitioner,

vs.

SCOTT R. FRAKES,

    Respondent.

8:17CV455

MEMORANDUM AND ORDER

This matter is before the court on Petitioner's motion for appointment of counsel and motion to be moved to the custody of the Nebraska Department of Correctional Services pending resolution of this matter. (Filing No. 12, Parts 1 & 2.) In addition to Petitioner's motions, the court will also address matters of case progression in light of Respondent's recently-filed Motion to Dismiss. (*See* Filing No. 13.)

**A. Motion for Appointment of Counsel**

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). The court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. Petitioner's motion is denied without prejudice to reassertion.

### B. Motion to Be Moved

Petitioner asks this court "to order the State of Nebraska to take custody of [him] on a temporary writ of prosequendum to present his case" as he is presently incarcerated "miles away" in the United States Penitentiary McCreary in Kentucky. (Filing No. 12 at CM/ECF pp.1–3.) "A federal court has the power to issue a writ of habeas corpus ad prosequendum in order to bring a prisoner from one jurisdiction to another when it is necessary to bring the prisoner into court to prosecute, for hearings or to testify." *United States v. Dimmick*, 82 F. Supp. 3d 866, 868 (N.D. Iowa 2015) (citing *Munz v. Michael*, 28 F.3d 795, 798 n. 3 (8th Cir.1994); 28 U.S.C. § 2241(c)(5)). Petitioner does not cite to, nor is the court aware of, any authority requiring or permitting federal district courts to order a State to accept custody of a federal prisoner simply to facilitate the prisoner's litigation of a pending habeas corpus petition. In any case, the court finds Petitioner's request to be moved to the custody of the State of Nebraska is not supported or warranted by the record and is, therefore, denied.

### C. Case Progression

Respondent filed a Motion to Dismiss on May 9, 2018. (Filing No. 13.) A motion to dismiss was not one of the responses specifically enumerated in the court's progression order (filing no. 9) entered upon initial review of the petition, but it is a response permitted under the Rules Governing Section 2254 Cases. *See* Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts* (where petition is not dismissed upon preliminary review, judge required "to order the respondent to file an answer, motion, or *other response*"); *see also Ebert v. Clarke*, 320 F. Supp. 2d 902, 906 n.9 (D. Neb. 2004) (recognizing attorney general's practice in § 2254 cases of filing motions to dismiss after respondent ordered on initial review to answer or otherwise respond, including motions to dismiss based on successive petition grounds). Accordingly, the court shall grant

Petitioner thirty days from the date of this order to file and serve a brief in opposition to Respondent's motion to dismiss.

IT IS THEREFORE ORDERED that:

1.  Petitioner's Motion for Appointment of Counsel (filing no. 12, part 1) is denied without prejudice to reassertion.

2.  Petitioner's Motion to be Moved (filing no. 12, part 2) is denied.

3.  Petitioner shall have thirty (30) days from the date of this order to file a brief in opposition to the motion to dismiss.

4.  The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **June 14, 2018**: check for Petitioner's brief in opposition to motion to dismiss.

Dated this 15th day of May, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge