IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUSTIN JAMES ALLEE, | ) | |
| | ) | |
| Petitioner, | ) | 8:17CV455 |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT R. FRAKES, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |

The Respondent has filed a motion to dismiss (filing no. 13) alleging that this case is the second time Allee has attacked the same conviction and sentence yet he has failed to get the permission of the Court of Appeals for this attempted additional bite of the apple. The Respondent is correct, and this matter will be dismissed. Allee's motion to strike and motion for default (filing 16) will be denied.

Allee claims that he was sentenced while a juvenile. Allee is currently serving a sentence for his September 2003 conviction in Douglas County District Court, Omaha, Nebraska, of second-degree murder and use of a weapon to commit a felony. He was sentenced to 30 to 45 years on Count I (second degree murder) and a consecutive term of 10 to 15 years on Count II (use of a weapon to commit a felony). He claims he is entitled to relief because he received a de facto sentence of life imprisonment.[1] *See Miller v. Alabama*, 567 U.S. 460 (2012) (holding that mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual

---

[1] Among other things, Allee disregards Nebraska's parole law that apparently makes him eligible for parole when he completes half of the total *minimum* prison terms. Neb. Rev. Stat. § 83,1,110 (2) (West 2018). Without deciding the matter, it would appear that Allee will likely be eligible for parole after serving 20 years. Thus, it is hard to see that Allee received a de facto life sentence.

punishments). *See also Montgomery v. Louisiana*, 136 S. Ct. 718 (2016) (*Miller* is retroactive).

In 2005, Allee began to litigate the same conviction and sentences attacked here before United States District Judge Joseph Bataillon in a case bearing number 8:05CV229. He was not successful as Judge Bataillon granted summary judgment on December 17, 2008. The appeal was unsuccessful as well.

28 U.S.C. § 2244(b)(2)&(b)(3)(A) provides:

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> "(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)(A) *Before* a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(Italics added.)

Allee has not obtained permission from the Court of Appeals to file this second and successive habeas petition and therefore it will be dismissed because I lack jurisdiction to consider it. *See, e.g., Burton v. Stewart*, 549 U.S. 793 (2007) (district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain order authorizing him to file second petition).

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDonnell*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the habeas corpus petition (filing no. 1) is denied and dismissed without prejudice. No certificate of appealability has been or will be issued. Judgment will be issued by separate document. Additionally, the motion for dismissal (filing no. 13) is granted and the motion to strike and motion for default (filing 16) is denied.

DATED this 2nd day of August, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge