IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUSTIN JAMES ALLEE, | ) | |
| | ) | |
| Petitioner, | ) | 8:17CV455 |
| | ) | |
| V. | ) | |
| | ) | |
| SCOTT R. FRAKES, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |

I entered judgment in this state habeas case on August 2, 2018 (filing no. 18). I dismissed the petition without prejudice because Petitioner had not obtained permission from the Court of Appeals to file a second or successive petition.

On August 13, 2018, Petitioner submitted a letter addressed to me that was filed as a motion for reconsideration. In that letter, Petitioner argues that because of his federal sentence (8:00CR83) his state sentence which was the subject of his § 2254 petition became a de facto life sentence if one added both sentences together. Petitioner provides no authority for aggregating federal and state sentences for different crimes.[1] I continue to believe that Petitioner must still obtain permission from the Court of Appeals to proceed with a second or successive habeas corpus petition attacking his state sentence.

IT IS ORDERED the letter, treated as a motion for reconsideration (filing no. 19) is denied.

DATED this 21st day of August, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[1] Petitioner is apparently making a claim under *Miller v. Alabama*, 132 S.Ct. 2455 (2012) (Mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments.). For what it is worth, from reading the federal presentence report (filing 192 in 8:00CR83 at CM/ECF p. 3 (birth date, February 17, 1980) and p. 5 ¶ 4 (date of offense, March 14, 2000)) it appears that Petitioner was over the age of 18 when he committed the extremely violent federal offenses.